**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 5 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIEYUAN CHEN, | No. 15-72130 |
| Petitioner, | Agency No. A205-181-023 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Tieyuan Chen, a native and citizen of China, petitions for review of a Board of Immigration Appeals ("BIA") decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We remand for a totality of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

circumstances review of the BIA's adverse credibility finding because the BIA's second and third reasons for finding Chen not credible are improper.

To determine whether an adverse credibility determination is supported by substantial evidence, we must review the inconsistencies and omissions that formed the basis of the BIA's decision. *Li v. Garland*, 13 F.4th 954, 960-61 (9th Cir. 2021). "When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (internal quotation omitted). Here, the BIA adopted only some of the findings underlying the IJ's adverse credibility determination. In particular, the BIA expressly relied on two omissions and one inconsistency: (1) Chen's omissions concerning the family planning office's ("FPO") treatment of her husband, (2) Chen's omissions concerning the FPO's surveillance of her family, and (3) inconsistencies in Chen's documentary evidence—specifically, the name of the hospital in her medical records. The BIA also held that because her corroborating evidence was inconsistent, it was "insufficient to overcome her incredible testimony and satisfy her burden of proof."[1]

1. Although Chen's omissions about the FPO's treatment of her husband

---

[1] The court does not address this issue because it is remanding the adverse credibility finding back to the BIA for a totality of circumstances review.

support the BIA's adverse credibility determination, the other omissions and inconsistences do not. *See Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (holding that "under the REAL ID Act, credibility determinations are made—and must be reviewed—based on the totality of the circumstances and all relevant factors, not a single factor" (cleaned up)). First, the BIA improperly weighed Chen's omissions concerning the FPO's surveillance of her family by inappropriately discounting her explanation for these omissions. The BIA held that Chen's omission of the FPO's surveillance of her family is entitled to "great weight in assessing her credibility" because those facts are "predicated on the persecution she allegedly suffered for violating China's coercive population policies." Chen stated that she failed to include various incidents involving the FPO in her written statement because "she focused on her own matters, some of these events occurred after she came to the United States, and she did not know that she could amend her written statement." The BIA held that this was not persuasive because she "was given an opportunity to amend or update her asylum application before she testified and verified that her application and statement were up-to-date." Although Chen was asked whether she had anything else to add to her declaration, that type of standard questioning that precedes an immigration hearing was not sufficient here such that Chen "could have been expected to mention the information" about incidents involving the surveillance of other family members after she left China. *See Lai v.*

3

*Holder*, 773 F.3d 966, 974, n.1 (9th Cir. 2014).

Moreover, it is "well established that the mere omission of details is insufficient to uphold an adverse credibility finding." *Id.* at 971 (cleaned up). That is because, generally, "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony." *Id*.

2. Second, the inconsistency between Chen's testimony and documentary evidence about where her abortion was performed does not support the BIA's adverse credibility determination. Chen stated that her abortion was performed at People's Hospital, but the hospital records that she submitted identified the hospital as Kaiyuan City Center Hospital. When asked about this, she said that the name of the hospital had changed. The IJ did not find her explanation persuasive because she "did not explain the name change until she was confronted" with it and that she "could not recall when the name change occurred." But this reason is not enough to support an adverse credibility finding. *See Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021) ("Our cases caution against relying too heavily on inconsistencies that could be attributable to simple human error or reluctance." (citing *Shrestha*, 590 F.3d at 1044–45)); *see also Singh v. Holder*, 643 F.3d 1178, 1180-81 (9th Cir. 2011) ("The IJ [] shouldn't infer from an applicant's careless error about peripheral details that he's lying about the facts that do matter."); *Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir. 2004) (failure to remember company name claimed on his B-1 visa

4

application was a minor inconsistency).

In any case, the inconsistency regarding the hospital name does not necessarily undermine Chen's testimony. The BIA's conclusion "overlooks the fact" that the medical records corroborate the rest of her story, "bolstering [her] credibility rather than undermining it." *See Kumar*, 18 F.4th at 1154. Specifically, the medical records indicate that she had an abortion on the date that she claims.

**REMANDED.**